UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FRANK DORTCH,                        :
                                     :
            Plaintiff                :   No. 4:CV-07-0804
                                     :
      vs.                            :   (Complaint Filed 5/01/07)
                                     :
                                     :   (Judge Muir)
YORK COUNTY PRISON, et al.,          :
                                     :
            Defendants               :

**ORDER**

January 22, 2009

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, an inmate formerly confined[1] in the York County
Prison, York, Pennsylvania, filed this civil rights action
pursuant to 42 U.S.C. § 1983. The named defendants are the
York County Prison, and the York County Warden D. Bowen and
Deputy Warden R. Thomas. Plaintiff complains that defendants
are refusing to provide him with a vegetarian diet.

Presently pending before the Court is the defendants'
motion for summary judgment. (Doc. 18). Defendants assert
entitlement to summary judgment in their favor because Dortch

_____

1.  Plaintiff is currently confined in the Smithfield State
Correctional Institution, Huntingdon, Pennsylvania.

failed to exhaust available administrative remedies.  The parties have fully briefed the issues and the motion is now ripe for disposition.  For the reasons that follow, the Court will grant the defendants' motion.

### Standard of Review

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment " . . . forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  "[T]his standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. <u>Anderson</u>, 477 U.S. at 248; <u>Gray v. York Newspapers, Inc.</u>, 957 F.2d 1070, 1078 (3d Cir. 1992).  An

2

issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson</u>, 477 U.S. at 257; <u>Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America</u>, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. <u>Moore v. Tartler</u>, 986 F.2d 682 (3d Cir. 1993); <u>Clement v. Consolidated Rail Corporation</u>, 963 F.2d 599, 600 (3d Cir. 1992); <u>White v. Westinghouse Electric Company</u>, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56(c) of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56(e) to go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 324 (1986). The party

opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Electric Industrial Co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986). When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex</u>, 477 U.S. at 323. <u>See</u> <u>Harter v. G.A.F. Corp.</u>, 967 F.2d 846, 851 (3d Cir. 1992).

**Statement of Facts**

From the pleadings, declarations and exhibits submitted therewith, the following facts can be ascertained as undisputed.

Plaintiff, Frank Dortch, is presently serving a three (3) to six (6) year sentence in the Smithfield State Correctional Institution, Huntingdon. (Doc. 20-2, Affidavit of Deputy Warden Roger Thomas, at ¶ 4). Since his initial incarceration, Dortch has returned to the York County Prisons various times to attend post-conviction hearings at the York County Judicial

Center.  Id. Between October 17, 1997, the date of Dortch's first confinement and February 26, 2007, the date Dortch filed the instant action, Dortch had been in the York County Prison ten times. Id. at ¶ 5. During those various times, Dortch availed himself of York County Prison's Complaint Review System, having filed some twenty-four (24) grievances.  Id. at ¶ 6.

On April 2, 2007, Dortch filed Complaint Register # 040207D, in which he stated the following:

> "I am a vegetarian. I don't eat meat. I was took off the common fair menu by the warden because I lost a write up because I called a guard a rookie after arguing with the special diet cart kitchen worker after he tried to give me beef and I told him I don't want it. He handed me a milkshake first (prior) then said if you get common fair you don't get that. I said then I should keep it because this is like the fifth time I told you I don't eat meat and you still keep giving me or at least trying to give me beef. So then the guard told me to give back the shake and I did and next I called the guard a rookie for not doing his job by telling inmate from kitchen no beef from the door for me. So he tells me to get out the dorm into hallway. I get write up and go to the hole. The whole time I'm in the hole I'm still on common fair list and they give me common fair until the last day. I asked the hearing examiner for time served in exchange for a guilty plea he said yes. The very next day I am no longer on the common fair list. I was complaining because I am a vegetarian. I don't and won't eat beef or drink beef milk. Then when the nurse told

me that the warden put something on her desk and
Angie's desk that said take me off the list. I know
this is denying my equal opportunity as a american
for my healthy veg. burgers.  Plus, they just made
a ruling that food can not be used as punishment.
I'm being punished. I can't eat my cereal with milk
anymore. I am forced to give all my sandwiches
away.  Eating only fruit is being malnourished.

(Doc. 20-2, Ex. D, Complaint).

The Complaint Supervisor evaluated Dortch's complaint and

responded as follows:

Prison records indicate that you received a
disciplinary report on 3/17/07 for taking
unauthorized food from the cart, disrespect towards
an employee and refusing an order. Due to this
write up Deputy Warden Thomas removed you from the
common fair meal. The policies and procedures of
this institution is clearly specified in the inmate
handbook.  As stated in the handbook, if you are
receiving the common fair meal and take a food item
which isn't from the designated menu then you will
be removed from the common fair menu and placed on
a regular diet. This is what transpired in your
case and resulted in your removal from the common
fair meal. You will remain on the regular diet for
the duration of your detention at the prison. You
were justifiably removed from the common fair meal
as you didn't follow prison procedure.

(Doc. 20-2, Ex. D, Complaint Review Response).

Dortch then filed an appeal to Deputy Warden Thomas who

denied the appeal, finding the following:

Inmates can not pick and choose which meals they
want on any given day. If you are on common fair

6

and you take an item off the cart that is not included with your meal, then you are stealing food from another inmate. The prison has to prepare and provide over 7,500 meals per day and each one is accounted for. If the common fair meal plan is not important enough for you to follow it then you will be provided with a regular meal.

(Doc. 20-2, See Exhibit D, Deputy Warden Response).

On April 11, 2007, Dortch appealed Deputy Warden Thomas' denial to the Solicitor for the York County Prison Board, arguing the following:

I am a vegetarian. I don't eat meat. I'm being denied my equal opportunity because I was taken off of the no meat eater list and threaten to hole time if I attempt to receive any veggie food from the cart as a direct result of a misconduct report which is using food as a punishment. Using food as a punishment was ruled against in court because of it being seen as cruel. People can not eat things the same in all case I only eat fruit and veggie products because I choose to live healthy. Taking me off the common fair was not only disrespecting the stars and stripes by violating a precious Amendment the country's forefathers suffered years of blood shed, imprisonment and struggle for. It also show that other people's lives are not important to you when they just want to do opportunity that was to be granted to them to attempt to live healthy. It also shows that people can't turn their back and still trust you. I did not do anything wrong to be treated this way. I still don't even understand why the Deputy Warden thought it was necessary to put paperwork on the nurse's desk to get me off common fair. What was the purpose there had to be something else better to do. Why did he just want to pick on me is there

7

> a problem excepting the fact that I chose to be
> healthy and won't eat regular diet."

(Doc. 20-2, Ex. D, Request for Solicitor Review).

On May 1, 2007, Dortch filed the instant civil rights action pursuant to 42 U.S.C. § 1983, in which he states the following:

> They punished me by using food as a punishment. I
> am a vegetarian. I don't eat meat, so for a write
> up I served time in the hole. I also was taken off
> the Common Fare list permanently. I have not
> received it since except when I went to the hole
> again for receiving a veggie tray while guard had
> back turned. They keep trying to force me to eat
> beef by not letting me have the veggie tray and
> sending me to the hole. So I've only been eating
> side dishes such as mixed fruit which leaves me
> hungry and without reasonable calories daily. The
> Warden ordered me off the common fare diet and
> denied all of my grievance appeals up to him.

(Doc. 1, complaint). For relief, plaintiff seeks damages as well as injunctive relief.

On May 4, 2007, the County Solicitor denied Dortch's appeal, finding the following:

> The inmate's 801 complaint arises from his failure
> to comply with the rules of the prison. The
> prisoner handbook makes it very clear, "Meals…if
> you choose the common fare meal and take a regular
> meal at meal time, you will be taken off the common
> fare menu…

The inmate apparently took a booster shake instead of Soy Milk, which was part of the common fare diet. This was a violation of the prison rules for which he received appropriate punishment.

The failure to comply with the rules is the reason why the inmate lost the common fare diet

He has not raised sufficient reason in his 806 appeal to recommend alteration of the staff decision in this case.

We do not believe the inmate's Constitutional Rights have been violated. He is free to eat or not eat as he chooses.

This is not a matter for reference to the Complaint Review Board.

Appeal denied.

Notice of appellate rights:

You may appeal this decision by writing a letter, explaining reasons why your request or claim should be granted. The letter should be addressed to: Chairman (President), Inspectors of the York County Prison (York County Prison Board), 28 East Market Street, York, Pennsylvania 17401"

(Doc. 20-2, Ex. D, Solicitor's Review).  No further appeal was taken.

## **Discussion**

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. Pursuant to the Prison Litigation Reform Act of 1995

9

("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e; <u>Porter v. Tussle</u>, 534 U.S. 516, 524 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." <u>Woodfern v. No</u>, 548 U.S. 81, 84(2006).  This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." <u>Id</u>. The Supreme Court has clearly stated that "[there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." <u>Jones v. Bock</u>, 549 U.S. 199, 212 (2007). Nevertheless, in <u>Jones</u> the Court also held " that failure to exhaust is an affirmative defense under the PLRA and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." <u>Id</u>., 549 U.S. at 215; <u>see</u> <u>also</u> <u>Brown v. Croak</u>, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the York County Prison.  The York County Prison has a

10

comprehensive administrative grievance procedure which provides for an administrative review of institutional grievances. (See Doc. 20-2, Ex. A, copy attached). The inmate Complaint Review System (CRS) or "801" is intended as a formal and objective review of complaints by residents at the York County Prison in order to remedy specific situations and help identify procedural problem areas at the institution. Id.

Inmate complaints are to be in writing, submitted on a standardized "801" form and directed to the Complaint Supervisor. The Complaint Supervisor shall then conduct an investigation into the complaint and shall provide a form to all staff members or other individuals mentioned in the complaint so that they may report their involvement with the complainant. Staff members are to respond to the Complaint Supervisor within forty-eight (48) hours of receipt of the form. Within tent (10) days of receipt of the complaint, the Complaint Supervisor will issue a report and recommendation ("802"), which shall be delivered to the Deputy Warden for Treatment, with copies to the complainant and all staff members mentioned in the complaint. If no objection is timely filed, the report and recommendation will be implemented. An inmate

who is dissatisfied with the recommendation of the complaint supervisor may file an objection , ("804"), with the Deputy Warden for Treatment within five (5) days after the issuance of the Complaint Supervisor's report.  <u>Id</u>.

Upon receipt of an objection, the Deputy Warden shall issue a decision.  An inmate shall receive a response ("805"), from the Deputy Warden within twenty-one (21) days from the receipt of the appeal.  If dissatisfied with the decision of the Deputy Warden, the complainant has three days to file a "Request for Solicitor Review" form ("806") from the Deputy Warden so that an appeal may be submitted to the County Solicitor for his review.  The solicitor will review the 806 and prepare a response to the inmate. The County Solicitor may recommend a review of the grievance by the Complaint Review Board.  If the inmate is not satisfied with the Solicitor's review of his case or the decision of the Complaint Review Board, he has thirty (30) days within which to file an appeal for final review by the York County Prison Board.  <u>Id</u>.  The grievance procedures further provide that the grievance system "shall not be considered exhausted unless all reviews and appeals have been taken on time and denied".  <u>Id</u>.

It is patently clear from the chronological background of this action that Dortch has failed to exhaust his administrative remedies before filing the above captioned action, as the action was filed prior to the County Solicitor's May 4, 2007 decision.  Thus, because Dortch did not wait to file his complaint until after he had received determinations from administrative filings and completed the appeal process as to those determinations, he has not met the exhaustion requirements of the PLRA. Moreover, a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir.2003) (collecting cases and holding that "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory"). While the United States Court of Appeals for the Third Circuit has stated that compliance with an administrative remedy scheme will be satisfactory if substantial, see Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir.2004), they have also stated that, whatever the parameters

13

of substantial compliance may be, it does not encompass the filing of a suit before administrative exhaustion has been completed. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir.2002) (holding inmate could not cure defect in action by amending complaint dismissed for failure to exhaust administrative remedies). Thus, defendants are entitled to summary judgment as a matter of law.  See Ahmed v. Dragovich, 297 F.3d 201, 209, 210 (3d Cir. 2002)(Holding that exhaustion requires completion of the entire administrative-remedy process prior to filing suit)(emphasis added).  An appropriate Order will be entered.

### ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.  Defendants' motion for summary judgment (Doc. 18) is **GRANTED**.  Judgment is hereby entered in favor of defendants and against the plaintiff.

2.  The Clerk of Court is directed to **CLOSE** this case.

3.  Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.


s/Malcolm Muir
MUIR
United States District Judge